REQUESTED BY: R. James Pearson, Director, Department of Motor Vehicles; Charles M. Kneip, Administrator, Apportioned Registration and Reciprocity, Department of Motor Vehicle
Should mileage operated by a Nebraska based vehicle in the states of New York and Ohio be treated as mileage operated in a `non-contracting reciprocity state' under sec. 60-305.09, R.S.Supp., 1976?
Yes.
Section 60-302, R.S.Supp., 1976, requires that all motor vehicles operated upon the highways of the state be registered in accordance with the provisions of Chapter 60 and that upon application a party seeking to register a motor vehicle must pay proper registration fees as provided in sec. 60-305.08 to sec. 60-342 and sec. 60-1603. Under that system of registration a motor carrier possessing motor vehicles with a tax status in the State of Nebraska would be required to pay all registration fees and taxes imposed upon that class of vehicle by Nebraska statutes.
Article VIII, Section 1, of the Constitution of the State of Nebraska, states, in part, as follows:
 "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct. Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, except that the Legislature may provide a different method of taxing motor vehicles . . . also establish a separate class for trucks, trailers, semi-trailers, truck-tractors, or combinations thereof, consisting of those owned by residents and nonresidents of this state, and operating in interstate commerce, and may provide reciprocal and proportionate taxation of such vehicles; . . . ."
As a result of this constitutional grant of authority to the Legislature sec. 60-305.09, R.S.Supp., 1976, and related statutes were passed to provide an optional means of registering apportionable commercial vehicles in this state operating in interstate commerce. Section 60-305.09 states, in part, as follows:
 "(1) Any owner engaged in operating a fleet of apportionable commercial vehicles in this state in interstate commerce may, in lieu of registration of such vehicles under the general provisions of sections 60-301 to 60-344, register and license such fleet for operation in this state by filing a sworn statement with the Department of Motor Vehicles, which shall be in such form and contain such information as the department shall require, declaring the total mileage operated by such vehicles in all states and in this state during the preceding year and describing and identifying each such vehicle to be operated in this state during the ensuing license year. The application shall be accompanied by payment of the registration fee determined as provided in this section. Upon receipt of such statement, the department shall determine the total fee payment which shall be equal to the amount obtained by applying the proportion of in-state fleet miles to total fleet miles, as reported in said states, to a fee of thirty-two dollars per ton based upon gross vehicle weight, and shall notify the applicant of the amount of any additional payment required to be made. Mileage operated in non-contracting reciprocity states by vehicles based in Nebraska shall be applied to the portion of the formula for determining the Nebraska in-state fleet miles. . . ."
It should be noted that in the absence of the registration option provided by sec. 60-305.09 a Nebraska based vehicle is subject to 100 percent of the registration fees established by Nebraska statutes. It should further be noted that sec. 60-305.09 concerns itself solely with an optional means of paying motor vehicle registration fees.
Section 60-305.09 allows a motor carrier registering his vehicles under that section to pay to the States of Nebraska less than 100 percent of the registration fees to which his vehicles would otherwise be subject on the following basis. Should the Director of the Department of Motor Vehicles enter into a contract or agreement with another state to apportion or prorate registration fees (sec. 60-305.03, R.R.S. 1943) Nebraska would reduce the registration fees otherwise owed to it by such carrier by that percentage which represents a comparison of in-state fleet miles compared to total fleet miles operated by such vehicles. In return, the State of Nebraska is allowed by the prorate contract to charge registration fees to carriers based in foreign contracting jurisdictions for that percentage of their total fleet miles operated in the State of Nebraska. That percentage is applied to those fees which would otherwise be received by the State of Nebraska for total registration of that foreign fleet in this state. This system of apportioned or prorate registration, based upon a contract between states, still requires the motor carrier to pay registration fees for 100 percent of the miles operated by its vehicles, but divides such fees between contracting states on a percentage basis.
The sec. 60-305.09 formula is complicated by the fact that not all states have joined with the State of Nebraska to apportion or prorate registration fees. Two states which have not contracted with the State of Nebraska to apportion registration fees are New York and Ohio. The question raised here is: How are fleet miles operated by Nebraska based vehicles in the States of New York and Ohio to be applied to the sec. 60-305.09 formula? Section 60-305.09 was amended in 1969 (Laws 1969, c. 494, Section 3, p. 2044) in an attempt to solve this problem. At that time it was decided that for purposes of the apportioned registration fee formula `in-state fleet miles' should include not only those miles operated by a Nebraska based carrier in the State of Nebraska but also those miles operated by such carrier in "noncontracting reciprocity states." The latter term was not further defined.
Reciprocity states are those states in which two or more states agree that, for purposes of certain fees, a motor vehicle based in one state may operate in another state without further payment of such fees. In this instance both the States of New York and Ohio have agreed to allow properly registered Nebraska based vehicles to operate through New York and Ohio without payment of further registration fees. This agreement is reciprocal in that properly registered New York and Ohio based vehicles are allowed to travel through Nebraska without payment of additional registration fees.
Testimony before the Committee on Public Works, on March 12, 1969, indicates that the amendment here in question was passed to prevent a carrier from paying less than 100 percent of his total registration fee obligation under sec. 60-305.09 by counting as part of his total fleet miles those miles operated in jurisdictions in which no registration fees were paid. Only as a part of a contract to apportion or prorate registration fees would a Nebraska based carrier pay registration fees to a state other than Nebraska on a percentage basis. No such contract exists between Nebraska and the States of New York and Ohio. Registration fees are not paid by a Nebraska based carrier to foreign states having registration reciprocity with Nebraska. Registration fees are not paid by Nebraska based vehicles operating through the States of New York and Ohio.
In our opinion the states of New York and Ohio must be considered `non-contracting reciprocity states' for the purposes of sec. 60-305.09, and miles operated in those states by Nebraska based vehicles should be considered as `in-state fleet miles.' To allow a Nebraska based carrier to reduce his obligation for registration fees to the State of Nebraska by counting as a part of its `total fleet miles' mileage operating in states where, in fact, no registration fees are paid would result in such carrier paying less than 100 percent of its total registration fee obligation. We will not assume that the Legislature intended to exempt Nebraska based carriers from paying registration fees for miles operated in the States of New York and Ohio. ArticleVIII, Section 2, Constitution of the State of Nebraska.
We are aware of the fact that both the States of New York and Ohio impose what is termed a `ton-mile' or `highway use' tax on all commercial vehicles operating on the highways of those states. However, we understand that such tax is not imposed in lieu of registration fees, but is a fee separate and apart from registration fees imposed by those jurisdictions. As we are of the opinion that sec. 60-305.09 relates only to the payment of registration fees, the fact that Nebraska based carriers pay other fees to those states is not felt to be relevant here.